## KELLEY vs. McWHORTER.

1. It is the duty of the plaintiff in error to show error; and where the only assignments of error depend wholly on what the evidence in the case was, a clear, connected and easily understood narrative of that evidence is absolutely necessary; and if instead thereof a confused brief of evidence is brought up, showing that the court ordered twelve corrections to be made, but they were not so made, and the references and corrections cannot be with certainty deciphered by this court, a new trial will not be granted.

2. Although it may appear that the weight of the evidence is against

the verdict, yet in view of the corrections and addenda ordered, it does not appear to this court that there was no evidence on which the verdict might rest, or that the presiding judge abused his discretion in refusing a new trial.

March 30, 1886.

Practice in Supreme Court.    Practice in Superior Court. New Trial.    Before Judge CARSWELL.    Johnson Superior Court.    September Term, 1885.

Reported in the decision.

A. F. DALEY, for plaintiff in error.

S. A. McWHORTER; CAIN & POLHILL, for defendant.

JACKSON, Chief Justice.

Kelley sued McWhorter for guano, alleging that one Hicks, by fraudulent collusion with McWhorter, had bought it to pay a debt he owed McWhorter; that McWhorter fraudulently obtained the guano by representing that it was for the use and benefit of Hicks, who, he claimed, had a two-horse farm with stock and provisions sufficient to supply it, and that Hicks was fully able to pay for it and was buying it for his own use on said farm, whereas, in truth, he had no such farm and stock, and was wholly insolvent and unable to pay for said guano, all of which was known to McWhorter at the time, and was used and resorted to by him to induce plaintiff to sell to Hicks, when, in fact and in truth, said guano was bought for the benefit of, and used by, said McWhorter, on his own farm that year; that plaintiff had refused to deliver the guano to Hicks, and would have continued to do so but for the representations made by McWhorter that it was to be used on the farm of Hicks, which would be amply sufficient to secure its payment in the fall; all of which was intended to, and did deceive and mislead plaintiff in parting with the guano, the full use and benefit of which had been enjoyed by McWhorter upon his crops of 1882, by which the

plaintiff had been damaged one hundred and sixty-eight dollars and seventy cents.

On the trial of the case, the jury returned a verdict for the defendant, and the only assignment of error is, that the verdict is without evidence to support it and contrary to law.

The brief of evidence is quite confused, in that the brief prepared by plaintiff in error has been corrected by cross-marks and figures indicating on another place, by corresponding cross-marks and figures, where and how the corrections are to be made, but none of which are made so as to make the brief read intelligibly as one statement. It is also corrected by an addendum statement of what further the witnesses testified.

As well as it can be ascertained after much trouble and labor, it is as follows: Kelley, the plaintiff, swore that in the month of January, 1881, he was farming and selling guano, living at Tennille; that McWhorter and Hicks met him on the cotton platform at Tennille, and remarked that they couldn't find any guano for sale; witness told them he had some, and asked if they wanted to buy, and how much. McWhorter replied, he did not, but Hicks did. Witness asked if the land belonged to Hicks; McWhorter said it did not. Witness knew nothing about Hicks, and was not fully satisfied to sell him, and inquired further about his farm and his means of running it. Hicks then told him he had a two-horse farm and stock and supplies to run it, and it was free from encumbrance or judgments, and that he wanted the guano to use on his farm. McWhorter was present and heard the statement. Witness told Hicks he would let him have the guano. Hicks and McWhorter went to one side and had a private conversation, and when they returned, Hicks said he would take two and a half tons. Witness agreed to let him have it, and he and McWhorter went with McWhorter's mules and wagon and got the guano. They did not get it all that day, but came back afterwards and got the balance. I sold the guano to Hicks. McWhorter told me afterwards that he

bought the guano from Hicks (then follows the price for it and note due 1st October, 1881, to be paid in cotton, if punctually paid, if not, in money, and the value of the guano). Then follows this addendum: Kelley swore that McWhorter said nothing to him but that "he did not want to buy, and that Hicks did not own the land; it was his father's, but he was to have all he made on it."

Hicks (for plaintiff) swore: "I went with McWhorter to Tennille with his wagon and mules and bought this guano in my own name and gave my note for it. Kelley asked if I owned the land, and McWhorter told him it was my father's land, but that I had all I made on it. I told him I wanted enough for a two-horse farm; that I had one horse and was going to buy another. I had told McWhorter if I could buy guano I would let him have some of it. I let him have two tons of it at first, and kept one-half ton myself. Afterwards I got broke up and could not run my farm, and let him have the balance. He took it and used it on his farm. I did not tell Kelley, at the time I bought the guano, that I was going to (let) McWhorter have it. I bought it in my own name and afterwards decided to let him have that. At the time I bought the guano, I had no property but one horse and some brick. There were judgments against me." Then follows addendum: "All McWhorter said about the land was true. My father had let me have a two-horse farm, and I was to have all I could make on it; I and McWhorter had made no agreement to buy guano from Kelley. I never knew Kelley sold guano till he met me on platform and proposed to sell to me."

This is the best that can be made out of this so-called brief of evidence, which is permitted to be filed and brought to this court in lieu of being brought as part of the bill of exceptions by law, on motions for new trial.

1. It is the duty of the plaintiff in error to file such a brief of the evidence to be brought here as can be easily read connectedly without forcing this court to make twelve corrections ordered therein, which counsel did not make as ordered, but left it to us to make. It is not certain that

we have interpreted and deciphered the corrections so ordered, but not made, so as to make the evidence of these witnesses what it was before the jury. It is for the plaintiff in error to make error appear, and when the only assignments of it depend wholly on what the evidence in the case on the trial was, a clear, connected and easily understood narrative of that evidence is absolutely necessary. It is not before us in this case so as to enable us to render a satisfactory judgment in the case. Therefore, we are not so fully and satisfactorily in possession of the evidence as to say that the jury had none on which to rest their verdict, and that a capable and honest presiding judge, who tried the case and heard the evidence, abused his discretion in affirming and approving what the jury did.

2. Whilst, if we have deciphered this brief as ordered to be altered, but not altered at all, so as to make a connected and clear narrative of what occurred, we are of opinion that the decided weight of the evidence is with the plaintiff in error, and that a fraud was perpetrated upon him by the defendant, in collusion with Hicks in all probability, by which McWhorter got his guano to enrich his crop-land from the plaintiff without paying him for it; but with the corrections and addenda ordered, we cannot say, in the teeth of the verdict and its approval by the judge, that it is made to appear to us, with that certainty which the law demands, that there is no evidence at all to support the verdict. He that alleges error must show it, and when his assignment of error depends alone on the evidence, it is absolutely necessary that the evidence be here, so that this court can understand it and see that there is none in it which does not support the verdict. We are not able to see that clearly enough to reverse the court below in the present case.

Judgment affirmed.